IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAUN JERMAINE ESTES                                                                              PLAINTIFF

v.                                  Civil No. 2:24-cv-02076-TLB-MEF

JUDGE STEPHEN TABOR,
COURT CLERK SUSIE HASSETT,
PROSECUTOR DANIEL SHUE,
ATTORNEY ROBERT GENE,
JOHN HANCOCK                                                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.      BACKGROUND**

Plaintiff filed his Complaint to initiate this action on June 13, 2024. (ECF No. 1). That same day, the Court entered an Order provisionally filing the Complaint and directing Plaintiff to submit a completed *in forma pauperis* ('IFP") application no later than July 5, 2024. (ECF No. 3). Plaintiff did so on June 24, 2024, was he granted IFP status on July 30, 2024. (ECF No. 6).

Plaintiff is currently incarcerated in the Sebastian County Detention Center after a conviction on April 23, 2021. (ECF No. 1 at 2). He identifies himself as a sovereign citizen and

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

appears to allege that his rights as a sovereign citizen have been violated by the named Defendants. (*Id*. at 6, 10).  Plaintiff asserts seven claims in his Complaint.

For Claim One, Plaintiff alleges that on December 13 and 28, 2022, and again on April 8, 2024, Defendant Judge Tabor told Defendant Court Clerk Susie Hassett "to not file my pro se pre trial paperwork." (ECF No. 1 at 4).  Plaintiff alleges Defendant Hassett complied with this directive on several occasions.  (*Id*.).  He alleges this deprived him of his fundamental rights and resulted in him being jailed.  (*Id*.).  Plaintiff proceeds against Defendants Tabor and Hassett in their individual and official capacities.  (*Id*. at 5).  To support his official capacity claim, Plaintiff alleges there is a widespread practice of not providing adequate opportunity for a man to be "in propria person" because Defendants limit access to the court and its records by denying motions and "flat out refusing filings."  He further alleges: "This widespread practice is discrimination not because of my race but because of my sovereignty."  (*Id*.).

For Claim Two, Plaintiff alleges that Defendants Tabor, Hassett, Prosecutor Shue, and Hancock violated his constitutional rights from December 9, 2020,[2] through March 25, 2024. (ECF No. 1 at 6).  Plaintiff alleges that on December 9, 2020, John Hancock made a claim against the name Shaun Jermain Estes, which he asserts is the copyrighted property of Plaintiff.  Defendant Shue then "charged the legal fiction and put a lien on its property (the living man)."  (*Id*.). Defendants Tabor, Shue, and Hassett then "used [Plaintiff's] living body as well as the copyrighted D/B/A, his LLC, and his private irrevocable trust for their personal financial gain and the financial gain of the state of Arkansas."  (*Id*.).  Plaintiff further alleges, "all I got was jail time, involuntary servitude, and cruel and unusual punishment."  (*Id*.).  Plaintiff proceeds against Defendants in their

---

[2] The Court notes that this date, and several other dates in the Complaint fall outside the three-year statute of limitations for § 1983 cases.

individual and official capacities. (*Id*. at 7). For his official capacity claim, he alleges Defendants Tabor, Hassett, and Shue "assumed and presumed that I was a willful participant of the color of law albeit I assured them I was not," and though their abuse of power they manipulated the courts record "to claim the beneficial rights from my property." (*Id*.).

For Claim Three, Plaintiff alleges Defendant Tabor denied "his right to know the nature and cause of every claim or charge brought against me and the legal intent of the person bringing the charges." (ECF No. 1 at 7). Plaintiff alleges he "made a special visitation to court under threats, duress and coercion." (*Id*. at 8). Judge Tabor asked him how he pleaded, and when Plaintiff asked if he could know the nature and cause, Judge Tabor said "no." (*Id*.). Plaintiff then alleges Judge Tabor put in a plea for him. (*Id*.). He alleges this happened repeatedly, on December 11, 2020, on December 12, 2022, and again on April 12, 2024. (*Id*.). Plaintiff states, "[t]he judge and prosecutor were operating in a jurisdiction that was known only to them." (*Id*.). Plaintiff proceeds against Defendant Tabor in his official and individual capacities, but Plaintiff fails to provide any supporting facts for an official capacity claim in the section of the form for that purpose. (*Id*.). In a later section of the Complaint, Plaintiff alleges that Defendant Tabor is "at war" with the Constitution and has committed treason. (*Id*. at 13).

For Claim Four, Plaintiff alleges that Defendant Shue slandered and defamed his character from April 2, 2024, through April 6, 2024. (ECF No. 1 at 9). Plaintiff alleges that because Defendants Tabor, Shue, and Hassett "chose to operate in a jurisdiction that was only known to them" he was forced to hire legal counsel. (*Id*.). Plaintiff alleges that he first contacted Ron Fields, but the prosecutor told Fields the Plaintiff was a sovereign citizen and that sovereign citizens were a terrorist group who did not believe in following the law. (*Id*.). Defendant Shue also told Fields

that Defendant Tabor did not like Plaintiff because he filed too many motions, was argumentative, and that I thought I knew the law. (*Id*.). As a result, Fields' fee was raised from $3,500 to $7,500. (*Id*.). Plaintiff then called Robert Gene[3], who took $5,000, came to see him, and they "had a good talk." After Gean spoke to the prosecutor, however, he became "callused, bias, prejudiced, and partial." (*Id*.). Plaintiff does not indicate the capacity in which he proceeds against Defendant Shue for this claim.

For Claim Five, Plaintiff alleges that Defendants Tabor, Shue, and Hassett discriminated again him:

> because of my religion[4] and my sovereignty as well as my non-US citizen American national declaration. Because I invoked my rights as an American National and one of the people of America . . . Defendants . . . withheld exculpatory evidence, denied me the nature and cause of the actions, refused my filings on court record and even prevented me from speaking on their record. I have been defamed and slandered all because I am not a 14th Amendment creation of government.

(ECF No. 1 at 10). Plaintiff alleges this occurred from December 4, 2014, through May 23, 2024. (*Id*.). Plaintiff does not indicate the capacity in which he proceeds against Defendants for this claim.

For Claim Six, Plaintiff alleges that Defendant Gean violated his rights on April 12, 2024, and April 23, 2024. (*Id*. at 11). Plaintiff alleges Defendant Gean took his $5,000 and did not provide a service for it as agreed upon. (*Id*.). Specifically, he did not file Plaintiff's motions and other paperwork and did not get a complete copy of a video which Plaintiff characterizes as exculpatory evidence. (*Id*.). Plaintiff further alleges Defendant Gean "knew that I knew nothing about this mystery jurisdiction and still used threats duress and coercion to counsel me and forced me to take a deal for 15 years but had me sign for 20 years." (*Id*.). Finally, Plaintiff alleges

---

[3] The correct spelling is Gean.
[4] Plaintiff does not identify his religion.

Defendant Gean would not let him speak on the record and insisted that if he "said anything other than what the judge and prosecutor told me to say that I would be additionally punished." (*Id*.). Plaintiff does not indicate the capacity in which he proceeds against Defendant Gean for this claim.

For Claim Seven, Plaintiff alleges Defendant Shue violated his rights from December 9, 2020, through March 28, 2024. (*Id*. at 12). Plaintiff alleges as follows:

> As a pretrial detainee, as a man in propria persona I had protected rights to all evidence of the charges against me or my copyrighted property, but I was not afforded that right. Daniel did not inform me if the charges were against the living man or against the legal fiction and put an attachment on what he thought was the legal fictions property <u>but</u> a lien was placed on Shaun Jermaine Estes and all of its public and private property by the living man.
>
> Daniel Shue failed to provide nature and cause, legal intent, a true bill, Remedy, proof of liability, a debt validation letter, exculpatory evidence or an affidavit of probable cause (a valid charging instrument).

(*Id*.). Plaintiff does not indicate the capacity in which he proceeds against Defendant Shue for this claim.

Plaintiff checked the sections on the form indicating he seeks compensatory and punitive damages, as well as other relief. (ECF No. 1 at 13). Plaintiff states he wants every bail or bond amount ever associated with the copyrighted name Shaun Jermaine Estes and/or CUSIP number 66FR-20-875, 20-875, 2020-026992. (*Id*.). He wants to immediate release of his personal and public property. He wants every bail or bond amount he had to pay to get out of jail. (*Id*.). He wants the Defendants punished "to the fullest extent of the law," his judgment reversed, and all charges dropped because "void judgment is no judgement at all." (*Id*.).

Because Plaintiff appears to be referencing one or more state criminal cases in his § 1983 claims, and he appears to be providing case numbers in his relief request, the Court reviewed

5

Plaintiff's state court record.[5] In *State v. Shaun Jermaine Estes*, Case No. 66CR-20-875, Plaintiff pleaded guilty to two felony drug charges and one failure to appear for a felony charge. Defendant Tabor was the Circuit Judge in the case. Robert Magness Gean was Plaintiff's attorney. Documents in the case indicate Gean is a private attorney. The prosecuting attorney is Houston Race Garner, a deputy prosecuting attorney. John Dale Hancock, Jr. was subpoenaed as a witness for the State in the case. A docket notation indicates Plaintiff wanted to represent himself on March 27, 2024. On April 12, 2024, Judge Tabor held a hearing on motions and filings submitted by the Defendant, Mr. Estes. An Order was entered that no pleadings would be accepted from Defendant unless submitted by his attorney, Robert Gean. Attorney Gean filed a Motion to Withdraw on May 9, 2024, but he appeared with Plaintiff for his guilty plea on May 23, 2024. Plaintiff pleaded guilty to all three charges. The case was closed on May 28, 2024. Defendant Shue's role in the case is unclear from the case docket, other than being the Prosecuting Attorney for Sebastian County, Twelfth Judicial District, and, therefore, Defendant Garner's supervisor. The Court could find no case with the number 026992.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or

---

[5] Available at Search ARCourts, https://caseinfonew.arcourts.gov/opad/case/66FCR-20-875 (Last accessed Sept. 26, 2024).

it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

#### A.    The *Heck* Doctrine

Plaintiff's claims are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Supreme Court noted that if a successful

claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff's claims arise from what he describes as unconstitutional actions by Defendants in *State v. Shaun Jermaine Estes*, Case No. 66CR-20-875. Plaintiff pleaded guilty to felony charges in that case and was convicted and sentenced. He does not allege that his conviction has been reversed, expunged, declared invalid, or called into question by a federal writ of *habeas corpus*. Thus, Plaintiff's claims are *Heck*-barred.

### B. Judge Tabor

Judge Stephen Tabor is a Circuit Judge in Division 1 of the Twelfth Judicial District of Arkansas. As such, he is immune from suit. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir. 1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§

1983 & 1981).  Plaintiff's allegations against Defendant Tabor are for actions taken in his judicial capacity.  He is, therefore, immune from suit.

### C.     Court Clerk Susie Hassett

Court Clerk Hassett is likewise immune from suit.  The doctrine of quasi-judicial immunity extends judicial immunity "to officials other than judges ... because their judgments are functionally comparable to those of judges – that is, because they, too 'exercise a discretionary judgment' as part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993). "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020) (citing *Antoine*, 508 U.S. at 436); *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) ("Court clerks have quasi-judicial immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction.") (cleaned up).  The "filing of complaints and other documents is an integral part of the judicial process." *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989); *see also Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (immunity extends to the loss of files).  Here, Plaintiff's allegations against Defendant Hassett are for actions taken in her role as Court Clerk at the direction of Judge Tabor.  She is, therefore, immune from suit.

### D.     Prosecutor Daniel Shue

Plaintiff's claims against Prosecutor Shue must be dismissed because prosecutors are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal

9

process." *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

Here, Plaintiff alleges only that Defendant Shue spoke with both private attorneys he contacted for his case, telling both attorneys that Plaintiff was a sovereign citizen and, therefore, a terrorist who did not believe in following the law. He also alleges that Shue told them Judge Tabor did not like Plaintiff because he filed too many motions, was argumentative, and thought he knew the law. Plaintiff alleges that after these conversations with Shue, the private defense attorneys in question either raised their rate to represent him or were not as congenial in their interactions with him. Plaintiff clearly identifies himself as a sovereign citizen in his Complaint. Finally, the Court infers that Defendant Shue was involved in the *State v. Shaun Jermaine Estes*, Case No. 66CR-20-875, as the supervisor of deputy prosecuting attorney Houston Race Garner.

It is indisputable that a prosecutor speaking with a defense attorney concerning a criminal case they are both involved with is an act intimately associated with the judicial phase of the criminal process. Indeed, it is unclear how criminal cases could proceed or how defense attorneys could adequately represent their clients if the attorneys involved on each side were not permitted to communicate with each other.[6] As to the content of that speech, Plaintiff clearly identifies himself as a sovereign citizen. The sovereign citizen movement is widely known and categorized as an extremist group.[7] Finally, Plaintiff's approach to litigation can be seen by reviewing the

---

[6] For example, "contemporary criminal justice guidelines and standards have at their 'core,'" the duty for defense counsel to pursue plea negotiations with the prosecutor." These standards include those from the American Bar Association and the National Legal Aid and Defender Association's Performance Guidelines. Todd A. Berger, *After Frye and Lafler: The Constitutional Right to Defense Counsel Who Plea Bargains*, 38 Am. J. Trial Advoc. 121, 140 (2014).

[7] *See, e.g.* The Anti-Defamation League, https://www.adl.org/resources/backgrounder/sovereign-citizen-movement-united-states (last visited Sept. 26, 2024); Southern Poverty Law Center, https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last visited Sept. 26, 2024).

docket report in *State v. Shaun Jermaine Estes*, Case No. 66CR-20-875.  Thus, Defendant Shue is immune from suit as a prosecutor.

### E.     Attorney Robert Gean

Plaintiff identifies Defendant Gean as his privately retained defense attorney.  A privately retained defense attorney is not a state actor and is, therefore, not a proper party under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999) (private attorneys do not act under color of state law and are not subject to suit under § 1983).  Therefore, Robert Gean, Plaintiff's privately retained defense attorney, is not subject to suit under § 1983.

### F.     John Hancock

Defendant Hancock's only role in this case appears to have been as a witness called by the State in *State v. Shaun Jermaine Estes*, Case No. 66CR-20-875.  As a private party, he is not subject to suit under § 1983.  "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived) (citations omitted); *see also Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.").

### G. Defamation and Slander

Plaintiff's claims that he has been defamed and slandered by many of the Defendants is subject to dismissal. Slander, defamation, and humiliation do not state a constitutional violation. "[D]efamation, *per se*, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

### IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

Referral Status: This case should not remain referred as all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

13